## Hartman's Estate

Before Van Dusen, P. J., Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

484

*Walter B. Gibbons,* for exceptant.

*Walter T. Fahy* and *Joseph M. Smith,* contra.

SINKLER, J., November 5, 1943.—If the exceptions were sustained in the present case, the equitable life estates impliedly given to the grandchildren of testatrix would be confiscated. Consideration of the entire will discloses no such intention on the part of testatrix.

The third question involved, as set forth in the brief sur exceptions, is as follows:

"Where there is no reason for the suspension of the distribution of the remainder of the trust, is not the trust dry and therefore executed in favor of the re-

mainderman?" and is stated to be not answered by the learned auditing judge.

It is, in effect, answered by the explicit refusal of the auditing judge to declare the trust terminated and his ruling that it continues for the present, and that the income is distributable to all five grandchildren.

The determination of the questions involved by the adjudication is in accordance with the views expressed by the auditing judge upon the audit of the first trustees' account, and in the opinion of Lamorelle, P. J., dismissing the exceptions.

The exceptions are dismissed and the adjudication is confirmed absolutely.